# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>                Plaintiff,<br><br>        vs.<br><br>HERNANDES, et al.,<br><br>                Defendants. | 1:12cv01957 DLB PC<br><br>ORDER DENYING PLAINTIFF'S<br>REQUEST FOR EMERGENCY RELIEF<br><br>(Document 9) |

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed his complaint on November 30, 2012, and named the following Defendants: LVN Hernandes, LVN Fraga, CMO McCabe, SRN Garnett and SRN Vryhof.[1]

By separate order, the Court dismissed the complaint for failure to state a claim for which relief could be granted and allowed Plaintiff an opportunity to amend.  He has not yet filed an amended complaint.

On May 23, 2013, Plaintiff filed a motion seeking emergency injunctive relief. Specifically, he seeks an order from this Court directing Defendants to issue medication that was prescribed by his primary care physician.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 14, 2012.

1

**DISCUSSION**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985) (emphasis added).

By separate order, the Court dismissed the complaint with leave to amend. The Court explained that Plaintiff had not alleged that any Defendants acted with deliberate indifference to a serious medical need when they allegedly refused to give him his medication. Thus, at this

point in time, there is no case or controversy before the Court and it has no jurisdiction to issue a preliminary injunction.

Accordingly, Plaintiff's motion is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **May 29, 2013**                              /s/ *Dennis L. Beck*
                                                     UNITED STATES MAGISTRATE JUDGE