# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | ) 1:12cv01957 DLB PC |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT<br>) WITH LEAVE TO AMEND |
| vs. | ) **THIRTY-DAY DEADLINE** |
| HERNANDES, et al., | ) |
| Defendants. | ) |

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on November 30, 2012. He names the following Defendants: LVN Hernandes, LVN Fraga, CMO McCabe, SRN Garnett and SRN Vryhof.[1]

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 14, 2012.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.   **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated in Corcoran State Prison, where the events at issue occurred.

Plaintiff alleges that on or around September 9, 2012, his primary care provider prescribed Tramadol after Plaintiff complained that his other medication was not helping his chronic pain issues. The pharmacy approved the prescription and sent it to the 4B yard for the LVNs to hand out.

Defendant Fraga gave Plaintiff the medication for two days, but on September 19, 2012, she decided not to give it to him. Defendant Hernandes and the other LVNs also refused to give him the medication. Plaintiff alleges that Defendant McCabe ordered the LVNs to stop giving Plaintiff the Tramadol "for whatever reason." Compl. 3.

On October 30, 2012, Plaintiff told Defendant Garnett, supervisor of the LVNs, about the problem. He also told her that he was suffering pain. Defendant Garnett refused to do anything and Plaintiff continued to suffer.

Defendant Vryhof, who is Defendant Garnett's supervisor, also refused to do anything about Plaintiff's medication on October 30, 2012. Defendant Vryhof told Plaintiff that the pain committee decided to deny his Tramadol. Plaintiff states that he has never appeared before such a committee.

Plaintiff alleges that Defendants' refusal to provide him with Tramadol has caused severe pain and high blood pressure.[2]

C.   **ANALYSIS**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.

---

[2] The Court notes that Plaintiff indicates that the grievance process is not completed, which may mean that his claims are not exhausted. Exhaustion is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007).

Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

      Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

      For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

      Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians

provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

Here, Plaintiff's Eighth Amendment claim is based on Defendants' refusal to provide him with Tramadol, which had been prescribed by his primary care physician. He alleges, however, that the pain committee made the ultimate decision that resulted in the refusal of the LVNs (Defendants Fraga and Hernandes) and their supervisors (Defendants Garnett and Vryhof) to provide Plaintiff with his medications.

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988). Based on Plaintiff's allegations, the actions of Defendants Fraga, Hernandes, Garnett and Vryhof were not motivated by deliberate indifference to a serious medical need, but rather were dictated by the pain committee's decision. Plaintiff does not allege that any of these Defendants were involved in the pain committee's decision.

As to Defendant McCabe, Plaintiff alleges that he ordered the LVNs not to give Plaintiff the Tramadol, but states that he did so "for whatever reason." Plaintiff acknowledges that he does not know the motivation behind Defendant McCabe's decision, and he therefore fails to allege that Defendant McCabe acted with deliberate indifference to a serious medical need.

Accordingly, Plaintiff fails to state an Eighth Amendment claim against any Defendant. He will be given an opportunity to amend, but he should only do so if he can amend in good faith.

**D.**     **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint, as Plaintiff may be able to cure some of the deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13

1  (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d
2  1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,
3  unrelated claims in his amended complaint.  George, 507 F.3d at 607.

       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

       Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

       Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

    Dated:   **May 29, 2013**                              /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE