# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>   Plaintiff,<br><br>   vs.<br><br>HERNANDES, et al.,<br><br>   Defendants. | 1:12cv01957 DLB PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR EMERGENCY RELIEF<br><br>(Document 24) |

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on November 30, 2012. The complaint was dismissed with leave to amend and on June 10, 2013, Plaintiff filed a First Amended Complaint. By separate order, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim.

On October 3, 2013, Plaintiff filed a motion seeking emergency injunctive relief. Specifically, he seeks an order from this Court directing Defendants to issue medication that was prescribed by his primary care physician.

## **DISCUSSION**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure

the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."  Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985) (emphasis added).

For the second time, the Court has dismissed Plaintiff's complaint with leave to amend.  Plaintiff has not yet filed an amended complaint.  However, in addition to the absence of a current case or controversy before the Court and the resulting lack of jurisdiction, the Court noted that Plaintiff had left out a key fact in an attempt to state a claim.  Given the inconsistency

between the allegations in the original complaint and the First Amended Complaint, it is unlikely at this point that Plaintiff can successfully amend.

     Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

    Dated:  **October 31, 2013**                    /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE