# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>vs.<br><br>HERNANDES, et al.,<br><br>    Defendants. | )  1:12cv01957 DLB PC<br>)<br>)<br>)  ORDER DISMISSING FIRST AMENDED<br>)  COMPLAINT WITH LEAVE TO AMEND<br>)<br>)  **THIRTY-DAY DEADLINE**<br>)<br>)<br>) |

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on November 30, 2012. On May 30, 2013, the Court dismissed the complaint with leave to amend. Plaintiff filed his First Amended Complaint ("FAC") on June 10, 2013. He names LVN Hernandes, LVN Fraga, CMO McCabe, Supervising RN Garnett and Supervising RN Vryhof as Defendants.[1]

## A. LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 14, 2012.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B. **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California State Prison, Sacramento. The events at issue occurred while Plaintiff was housed at California State Prison, Corcoran.

Plaintiff alleges that on or around September 9, 2012, he saw his health care provider and complained that his medication was not helping his chronic pain. His health care provider prescribed Tramadol.

Plaintiff contends that he was receiving the medication, but on September 19, 2012, Defendant Fraga, "for whatever reason," refused to give him the medication. This caused pain. FAC 4.

Plaintiff alleges that Defendant McCabe, "for whatever reason," denied the medication, leaving him to suffer from chronic pain. FAC 4.

Plaintiff then saw Defendant Hernandez and asked her to please issue his Tramadol. She refused, even though Plaintiff told her that the medicine would help, and said that she did not care about Plaintiff's pain and suffering. All of the other LVNs also said that they would not give him the medication and didn't care about his pain and suffering.

On October 30, 2012, Plaintiff told Defendant Supervisor Garnett about the LVNs' refusal to give him his medicine. Defendant Garnett refused to do anything about it and said that they could not issue the medicine because it "needs to be spread evenly to other prison[s]." FAC 3.

Also on October 30, 2012, Defendant Supervisor Vryhof refused to do anything about the LVNs because the medication needed to be spread evenly.

Defendant McCabe also denied Plaintiff's medication "for no reason." FAC 3.

C. **ANALYSIS**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of

3

confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally

interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

Here, Plaintiff's Eighth Amendment claim is based on Defendants' refusal to provide him with Tramadol, which had been prescribed by his primary care physician. As to Defendants Fraga and McCabe, Plaintiff states that they refused to give him his medication "for whatever reason." The Court explained in the first screening order that this did not demonstrate deliberate indifference, but rather shows that Plaintiff did not know why they acted as alleged. Plaintiff has failed to correct this deficiency.

Plaintiff next alleges that he told Defendants Garnett and Vryhof that the nurses had been refusing to give him his pain medication. He alleges that Defendants Garnett and Vryhof refused to help and told Plaintiff that they had to spread the medication evenly throughout the prisons because of a medication shortage. Again, Defendants Garnett and Vryhof provided Plaintiff with a reason for the refusal, and while he may not agree with it, it does not establish that they acted with the requisite deliberate indifference.

Finally, Plaintiff alleges that Defendant Hernandez refused to give him his medication, despite his requests and complaints of pain, and told Plaintiff that she did not care about his pain. Plaintiff provides facts as to Defendant Hernandez's state of mind, i.e., that she knew of his pain and did not care, but there is a larger issue that must be addressed as to all Defendants.

In his original complaint, signed under penalty of perjury, Plaintiff explained that the Defendants' refusal to give him his medication was the result of the pain committee's decision. The Court explained that because Defendants were following this decision, he was unable to demonstrate that any Defendant acted with deliberate indifference. Now, in his amended complaint, Plaintiff leaves out any mention of the pain committee's decision and instead suggests that Defendant Hernandez, and all other nurses, said they did not care about his pain.

Given Plaintiff's prior statements, he cannot now state a claim by simply omitting key facts.  In the Court's prior screening order, the Court permitted amendment but cautioned that Plaintiff should only amend if he can do so in good faith.  If Plaintiff chooses to amend, he must explain how the pain committee's decision impacts Defendants' actions.

Plaintiff is reminded of his obligation under Federal Rule of Civil Procedure 11(b).  Rule 11(b) states that by presenting a pleading to the Court, an attorney or unrepresented party certifies to the Court that the filing is not being presented for any improper purpose and that the <u>factual contentions have, or will have, evidentiary support.</u>  If Plaintiff fails to comply with his obligations under the Federal Rules and the Local Rules of this Court, sanctions may be imposed, including the dismissal of this action.

### D.     **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint, as Plaintiff may be able to cure some of the deficiencies.  <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's FAC is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:  **October 31, 2013**          /s/ *Dennis L. Beck*
                                  UNITED STATES MAGISTRATE JUDGE