# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | ) 1:12cv01957 DLB PC |
| Plaintiff, | ) **ORDER DISMISSING ACTION** |
| vs. | ) **WITHOUT LEAVE TO AMEND** |
| HERNANDES, et al., | ) |
| Defendants. | ) |

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.[1]  Plaintiff filed his complaint on November 30, 2012.  On May 30, 2013, the Court dismissed the complaint with leave to amend.  Plaintiff filed his First Amended Complaint ("FAC") on June 10, 2013.  The Court again dismissed the complaint with leave to amend.  On December 11, 2013, Plaintiff filed his Second Amended Complaint ("SAC").  He names LVN Hernandes, LVN Fraga, CMO McCabe, Supervising RN Garnett and Supervising RN Vryhof as Defendants.[2]

---

[1] It appears that Plaintiff has strikes under 28 U.S.C. §1915(g) as of October 21, 2013.  However, this action was filed prior to this finding.

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 14, 2012.

1

## A.     LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

(9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.   **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California State Prison, Corcoran, where the events at issue occurred.

Plaintiff alleges that Defendant Fraga refused to issue medication prescribed by his primary care physician for his chronic pain. Plaintiff alleges that he had a serious medical need and that this caused him pain and suffering.

He further alleges that Defendant Hernandes refused to issue the medication. He alleges that this also caused pain and suffering.

Plaintiff alleges that supervisory Defendants Garnett and Vryhof knew, or should have known, that Corcoran Prison LVNs refused to issue his medication. Plaintiff alleges that Defendants Garnett and Vryhof refused to do anything about it, causing pain and suffering.

Plaintiff states that his primary care physician submitted a request that Plaintiff be provided with effective medication (Tramadol). Plaintiff states he had taken Tramadol in the past. However, Defendant McCabe, not the Pain Committee, refused to provide him with the medication by denying the request. Plaintiff states that this caused pain and suffering.

C.   **ANALYSIS**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and

often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

This is Plaintiff's third attempt at stating an Eighth Amendment claim. In his original complaint, Plaintiff alleged that Defendant Vryhof told him that the Pain Committee decided to deny his Tramadol. He also said that he did not know why certain Defendants refused to give him his medication. In the screening order, the Court explained that the Pain Committee's decision negated a finding of deliberate indifference by the Defendants. Plaintiff was instructed to amend only if he could do so in good faith.

In his FAC, Plaintiff changed his allegations. He alleged that the Defendant LVN's told him that they didn't care about his pain and suffering. He also alleged that Defendants Garnett and Vryhof told him that they could not do anything about it because the medication needed to be spread evenly to other prisons.

In the Court's second screening order, the Court again found that Plaintiff had not shown that any Defendant acted with deliberate indifference. Although Plaintiff added facts as to the state of mind of certain Defendants, i.e., that they did not care about his pain, the Court addressed the larger issue with Plaintiff's pleadings. Plaintiff had simply omitted any reference to the Pain Committee. The Court reminded Plaintiff of his obligation under Rule 11(b) and explained that if he amended, he must explain how the Pain Committee's decisions impacted Defendants' actions.

Now, Plaintiff omits *all* factual context. He alleges, without any factual explanation, that each Defendant refused to give him his medication and that the denial caused pain and suffering. He also alleges that Defendants Garnett and Vryhof knew, or should have known, that the Defendant LVNs were refusing to give him his medication.

Plaintiff's complete failure to provide any factual context suggests that he is omitting facts that the Court has already analyzed. The omission does not, however, assist Plaintiff in stating a claim. Instead, Plaintiff has only provided bare, conclusory statements without sufficient factual support. Plaintiff therefore fails to state a claim against any Defendant.

## D.    CONCLUSION AND ORDER

Plaintiff has had numerous opportunities to correct the deficiencies identified by the Court.[3] Given the history of Plaintiff's amendments, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **April 23, 2014**           /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE

---

[3] In his SAC, Plaintiff states that he did not have a copy of his FAC "to properly amend." SAC 4. On November 25, 2013, the Court granted Plaintiff's request for a copy of the FAC and gave him an extension of time to file an amended complaint. Plaintiff signed his SAC on December 5, 2013, and it appears that the November 25, 2013, order had not yet reached Plaintiff. Nonetheless, even without a copy of his FAC, Plaintiff does not state that he was missing the Court's prior screening order, which set forth instructions on how to cure the deficiencies.