# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>           Plaintiff,<br><br>      vs.<br><br>HERNANDES, et al.,<br><br>           Defendants. | 1:12cv01957 DLB PC<br><br>ORDER REGARDING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br><br>(Document 34) |

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.[1]  Plaintiff filed his complaint on November 30, 2012.  On May 30, 2013, the Court dismissed the complaint with leave to amend.  Plaintiff filed his First Amended Complaint ("FAC") on June 10, 2013.  The Court again dismissed the complaint with leave to amend.

On December 11, 2013, Plaintiff filed his Second Amended Complaint ("SAC").  On April 23, 2014, the Court dismissed the SAC without leave to amend for failure to state a claim for which relief could be granted.

---

[1] It appears that Plaintiff has strikes under 28 U.S.C. §1915(g) as of October 21, 2013.  However, this action was filed prior to this finding.

On May 12, 2014, Plaintiff filed objections to the dismissal as well as a notice of appeal. On June 2, 2014, the Ninth Circuit Court of Appeals issued an order holding the appeal in abeyance pending this Court's decision on the May 12, 2014, motion. The Court construes the May 12, 2014, motion as a motion for reconsideration.

A.  **LEGAL STANDARD**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

B.  **DISCUSSION**

Plaintiff disagrees with the Court's decision and seeks reconsideration of the screening order dismissing the action. In screening Plaintiff's SAC, the Court carefully considered

Plaintiff's allegations, construed the allegations liberally in light of Plaintiff's pro se prisoner status, and explained in a detailed order why the SAC failed to state a claim under section 1983 for violation of the Eighth Amendment.  In addition, Plaintiff was previously notified of the deficiencies in his claims and was given two opportunities to amend.  Thus, this was not a situation in which Plaintiff was deprived of notice and an opportunity to amend.  Moreover, as the Court explained in the most recent screening order, Plaintiff's allegations became contradictory as he continued to amend.

In his motion, Plaintiff explains his rationale for his amendments and states that he has tried to amend in good faith.  He now contends that the Pain Management Committee never denied his prescription for tramadol.  Instead, Plaintiff attaches documentation to show that Defendant McCabe "denied it for no reason" even though he was required to set forth a reason.  Plaintiff cites to Exhibit A, which negates his claim.  On the Nonformulatory Drug Request, Defendant McCabe checked the "denied" box.  He stated: "Consider low dose methadone- need referral to pain committee."

Plaintiff also cites to Exhibit B in arguing that in Defendant McCabe's second denial, he lied and indicated that the Pain Management Committee denied the medication.  On the second Nonformulatory Drug Request, Defendant McCabe indicates that the request was reviewed by the Pain Committee and denied.  He further states that tramadol is not approved under CDCR policy for chronic pain use.  Finally, Defendant McCabe suggests "consider increase in gabapentin dose. . ."

Plaintiff's exhibits do not show new or different facts to warrant reconsideration.  Instead, Plaintiff's allegations demonstrate that he merely disagrees with the treatment decisions.  "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild,

891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

      Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances.  Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

      Plaintiff's disagreement with the Court's decision is not grounds for reconsideration, and his motion, filed on May 12, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

    Dated:   **June 12, 2014**　　　　　　　　　　　/s/ *Dennis L. Beck*
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE